FILED

2006 Jun-23  PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **HAROLD RUDY STANBACK,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case Number CR 01-S-445-NW** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation recommending that the government's motion to dismiss the "Motion for Modification of an Imposed Term of Imprisonment," filed by Harold Rudy Stanback, be granted.  In his report and recommendation, the magistrate judge noted that neither 18 U.S.C. § 3231, nor § 3742, confers upon this court jurisdiction to rule on a post-trial motion to modify a sentence.  The magistrate judge went further to find that, even if Stanback's motion were construed as a § 2255 motion to vacate, he would not be entitled to relief because such a motion would be barred by the statute of limitations.

Stanback filed objections to the magistrate's report and recommendation, arguing that the magistrate judge should have construed his motion as having been

filed pursuant to "Rule 60(b)(6)." However, there is no Rule 60(b)(6) in the Federal Rules of *Criminal Procedure*. Of course, Federal Rule of *Civil Procedure* 60(b)(6) deals with motions for relief from a judgment or order. Clearly, however, that rule does not provide for relief from a judgment in a *criminal* case. *See Dyson v. United States*, No. 1:97CR10-B, 2006 WL 1666331, n.1 (N.D. Miss. June 14, 2006).

Even if Federal Rule of *Civil Procedure* 60(b)(6) applied to this case, a movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005). Stanback has not alleged extraordinary circumstances that would warrant reopening the final judgment in his case. Moreover, the court concludes that the motion was not made within a reasonable time. Thus, even considering the subject motion under the rule relied upon by movant, the motion still would be due to be denied.

The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. The motion to vacate is due to be DENIED. An appropriate order will be entered.

2

Done this 23rd day of June, 2006.

_____
United States District Judge